## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| MICHAEL BURRISS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CV423-180 |
| | ) | |
| U.S. SUPREME COURT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

*Pro se* plaintiff Michael Burriss has filed this 42 U.S.C. § 1983 case alleging various unconstitutional conditions of his confinement at Chatham County Detention Center. *See, e.g.,* doc. 1 at 5-18. He attempted to file this Complaint jointly with several other plaintiffs, but the Court severed those plaintiffs' claims, pursuant to the requirements of the Prison Litigation Reform Act ("PLRA"). *See* doc. 5 at 1-2 (citing, *inter alia*, *Hubbard v. Haley*, 262 F.3d 1194, 1197-98 (11th Cir. 2001)). The Court granted Burriss leave to proceed *in forma pauperis* and directed him to return several forms, *id.* at 3-7. He has complied. Docs.

13 & 14.  The Court, therefore, proceeds to screen his pleadings.  *See* 28 U.S.C. § 1915A.

Because the Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the Complaint are taken as true and construed in the light most favorable to the plaintiff.  *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal).  As Burriss is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed.  *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

The Court's screening of Burriss' pleadings is impeded by his persistent filing of multiple partial "amendments," which seek to modify or add claims.  *See* docs. 6, 11 & 15.  This Court has previously explained that his conduct is inappropriate and noted that sanctions might be appropriate.  *See Burriss v. State of Georgia*, CV423-163, doc. 13 at 3, n. 1 (S.D. Ga. July 24, 2023).  However, that Order was entered on the same day the Clerk docketed Burriss' most recent pleadings in this case.

*Compare id.*, *with* doc. 15.  Burriss, therefore, could not have had notice of the Court's warning when he submitted them.  Since, as discussed below, Burriss will have an opportunity to file a single amended complaint in this case, the Court will reiterate its warning.

Burriss is advised that his disregard of the Court's orders and the applicable procedural rules, in this case and others pending in this Court, evidenced by his continued attempts to assert claims informally and piecemeal, verges on vexatious and malicious litigation.  *Cf. Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* [*in forma pauperis*] litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.  These rules provide for sanctions for misconduct and for failure to comply with court orders."); *see also Patterson v. Aiken*, 841 F.2d 386, 387 (11th Cir. 1988) ("[P]*ro se* filings do not serve as an impenetrable shield, for one acting *pro se* has no license to . . . clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.").  As the Eleventh Circuit has recognized:

> Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions.  [Cit.]  The Court has a responsibility to prevent

single litigants from unnecessarily encroaching on the judicial machinery needed by others.  [Cit.]  To counter this threat, courts are authorized to restrict access to vexatious and abusive litigants.

*Brewer v. United States*, 614 F. App'x 426, 427 (11th Cir. 2015).  The Court has now twice advised Burriss that his attempts to add to and modify his claims, without any apparent regard for the pleading or amendment provisions of the Federal Rules, is inappropriate.  Burriss is again explicitly warned that further disregard of procedural rules and orders *in any case before this Court* may subject him to sanctions.

Notwithstanding Burriss' improper approach to his pleadings, the claims, as pleaded, fail.  Regardless of the factual allegations concerning the disputed conditions, none of the defendants named in his original complaint, concerning the conditions of his confinement, is proper.  *See* doc. 1 at 1, 4.  The United States Supreme Court and United States Department of Justice are immune from suit.[1] *See, e.g., F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.").  Even supposing that the "U.S. Grand Jury," identified any actual entity, it is also

---

[1]  To be clear, immunity is not the only defect in Burriss' asserted claims against the United States Supreme Court and Department of Justice, it is merely among the most obvious and clearly incurable.

immune. *See, e.g., King v. Forest*, 2008 WL 4951049, at *4 (N.D. Tex. Nov. 14, 2008) ("A grand jury is not an identifiable group that can be sued. Further, because grand jurors acting within the scope of their duties enjoy absolute immunity, [cit.], a grand jury collectively enjoys immunity from suit if it can be sued as a unit." (citation omitted)). The State of Georgia is immune from suit under the Constitution's Eleventh Amendment and is not a "person," subject to suit under § 1983. *See, e.g., Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989); *Stevens v. Gay*, 864 F.2d 113, 114 (1989). Chatham County Superior Court, as an arm of the State, also enjoys Eleventh Amendment immunity, its judges enjoy absolute judicial immunity, and it is not a "person" subject to suit under § 1983. *See, e.g., Clark v. Georgia*, 2021 WL 8084671, at *3 (N.D. Ga. Nov. 8, 2021). Chatham County Detention Center is not an entity subject to suit. *See, e.g., Smith v. Chatham Cnty. Sheriff's Dept.*, 2012 WL 5463898, at *2 (S.D. Ga. Oct. 22, 2012). Finally, the Chatham County Public Defender's Office is not a "person," and individual public defenders are not "state actors," subject to suit under § 1983. *See, e.g., Tuten v. Jones*, 2022 WL 2824719, at *2 (S.D. Ga. June 28, 2022). Notwithstanding whether any of Burriss' factual allegations has merit,

his Complaint is subject to dismissal.  The remaining submissions either seek to add claims, but do not clearly identify defendants, *see* doc. 6, or identify defendants, but do not specify the claims asserted against them, *see* doc. 15.

The Federal Rules permit a plaintiff to amend <u>once</u> as a matter of course.  *See* Fed. R. Civ. P. 15(a)(1).  Any further amendment requires the Court's leave.  *See* Fed. R. Civ. P. 15(a)(2).  Moreover, the Court cannot assemble claims from multiple pleadings on Burriss' behalf.  *See, e.g., Garvich v. Georgia*, 2022 WL 1531701, at *1 (11th Cir. May 16, 2022) ("[T]he leniency afforded *pro se* litigants with liberal construction does not give a court license to serve as *de facto* counsel or permit it to rewrite an otherwise deficient pleading to sustain an action.").  Since the Court cannot and will not cobble Burriss' various filings into a single actionable pleading, it will afford him <u>one</u> opportunity to file a <u>single</u> amended complaint.  *See, e.g., Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) ("Generally, when a more carefully drafted complaint might state

a claim, a district court should give a *pro se* plaintiff at least one chance to amend the complaint before the court dismisses the action.").

Accordingly, Burriss is **DIRECTED** to submit an Amended Complaint no later than August 18, 2023.  To facilitate his preparation of the Amended Complaint, the Clerk is **DIRECTED** to send him a blank Form Pro Se 14 (Complaint for Violation of Civil Rights (Prisoner)).  Burriss is advised that his amended complaint will supersede the current operative complaint and therefore must be complete in itself.  *See Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 n. 6 (11th Cir. 1982).  Burriss is further advised that failure to timely submit his amended complaint may result in a recommendation that this case be dismissed for failure to obey a court order or failure to prosecute.  *See* Fed. R. Civ. P. 41(b).  Finally, Burriss is advised that further submission of individual claims or attempts to amend without the Court's leave will be construed as noncompliance with the Court's orders and malicious, as discussed above.

Finally, the Court must assess Burriss' filing fee.  *See* 28 U.S.C. § 1915(b).  Plaintiff's prisoner trust fund account statement reflects $36.60 in average monthly deposits.  Doc. 13 at 1.  Based upon his

furnished information, he owes an initial partial filing fee of $7.32.  *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula).  His account custodian shall set aside 20 percent of all future deposits to the account, then forward those funds to the Clerk each time the set aside amount reaches $10, until the balance of the Court's $350 filing fee has been paid in full.  In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian.  The balance due from plaintiff shall be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this Order.

**SO ORDERED**, this 26th day of July, 2023.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA